OPINION
{¶ 1} On March 25, 2002, appellant, Roxanna Posey, and appellee, Gary Posey, were granted a dissolution. Two children were born as issue of the marriage, Jacob born July 1, 1992 and Erika born October 1, 1995. Pursuant to a shared parenting plan, appellant was named residential parent of the children.
 {¶ 2} In 2003, appellant relinquished custody of the children to appellee. Amended shared parenting plans were filed on March 4, and August 4, 2003 documenting the change. On September 29, 2004, appellant filed a motion for reallocation of parental rights, seeking custody of the children. Appellee filed a motion to terminate the shared parenting plan and a request for child support on October 22, 2004. Robert Reese, Esq. was appointed guardian ad litem.
 {¶ 3} A hearing before a magistrate was held on June 23, 2005. The parties stipulated to their depositions and the guardian ad litem's report and deposition. On August 23, 2005, the magistrate recommended the adoption of appellee's findings of fact and conclusions of law naming appellee as residential parent and ordering appellant to pay child support in the amount of $330.08 per month. Appellant filed objections. By judgment entry filed October 4, 2005, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN RULING THAT APPELLEE SHOULD REMAIN THE PRIMARY RESIDENTIAL PARENT OF THE PARTIES' CHILDREN."
 II {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT TERMINATED THE PARTIES' SHARED PARENTING PLAN AND AWARDED CUSTODY OF THE PARTIES' CHILDREN TO APPELLEE."
 III {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REDUCED APPELLANT'S COMPANIONSHIP TIME WITH THE CHILDREN."
 IV {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE CHILD SUPPORT."
 V {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION BY ADOPTING APPELLEE'S UNTIMELY FILED FINDINGS OF FACT AND CONCLUSIONS OF LAW."
 I {¶ 10} Appellant claims the trial court erred in finding appellee should remain as the residential parent, and the trial court's decision was based on facts not supported by the record. We disagree.
 {¶ 11} A trial court's decision on child custody lies in the trial court's sound discretion. Davis v. Flickinger (1997),77 Ohio St.3d 415; Miller v. Miller (1988), 37 Ohio St.3d 71. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 12} In modifying a prior decree with respect to the allocation of parental rights, first there must be a change of circumstances and then an evaluation of the best interests of the children. R.C. 3109.04(E)(1)(a). Appellant not only criticizes the trial court's decision, but challenges the "carte blanche" adoption of appellee's findings of fact.
 {¶ 13} It must be noted that both parties stipulated to their own depositions and the guardian ad litem's report and deposition; however, appellee's deposition is not in the record.
 {¶ 14} We have reviewed the adopted findings of fact. There are approximately twenty-three different findings. All of the findings except one are either in the guardian ad litem's report as an admission or statement by the parties or in the depositions of the guardian and appellant. The finding that appellant abuses alcohol and drugs is not in the record. However, in the guardian's report, there is a reference to a reduced driving under the influence charge and appellant's use of prescription drugs for depression. In her deposition, appellant admitted to the reduced driving under the influence charge. Appellant's depo. at 26-27.
 {¶ 15} Given the large number of substantiated findings of fact that are supported by the record, we find this discrepancy not to have affected the trial court's decision.
 {¶ 16} Appellant further attacks the trial court's lack of reference to the "in camera" interviews with the children. However, no one transcribed the interviews for review.
 {¶ 17} Upon review, we do not find any abuse of discretion by the trial court.
 {¶ 18} Assignment of Error I is denied.
 II {¶ 19} Appellant claims the trial court's decision to terminate the shared parenting plan was not in the best interests of the children, and the evidence does not support a change of circumstances. We disagree.
 {¶ 20} The parties mutually agreed to a change of custody of the children because appellant believed it was in the best interests of her children not to be involved in her abusive living environment with her boyfriend. Appellant did not relinquish both children at the same time. Appellant kept her daughter for an extra six months after she determined the environment was not good for her son. One wonders if the environment was not good for one child, how could it have been good for the other? Also, appellant chose, for whatever reason, to remove the children from her home instead of her abusive boyfriend, thereby favoring her boyfriend over her children.
 {¶ 21} The guardian's report indicates the following: appellant is now in a new marriage that provides her with a stable environment; during appellant's home visit, the daughter appeared a "little wild" and appellant "demonstrated a limited ability to settle her down;" appellant was unsure of which school district the children would attend if they lived with her; and appellant did not participate in her son's counseling after she relinquished custody to appellee. In her own deposition at 20, 32 and 36, appellant admitted to paying nothing toward the support of her children after relinquishment; her current job is a day job from 7:30 a.m. to 4:00 p.m.; and she does not have any family support in the area.
 {¶ 22} After the original shared parenting plan, appellant maintained various jobs, had the children in numerous schools, was evicted twice and had serious financial problems. Appellant's depo. at 22, 24, 27.
 {¶ 23} We find a change of circumstances not only from the original shared parenting plan, but from appellant's voluntary relinquishment as well.
 {¶ 24} Upon review, we do not find an abuse of discretion by the trial court in its determination of change of circumstances and best interests of the children.
 {¶ 25} Assignment of Error II is denied.
 III {¶ 26} Appellant claims the trial court erred in reducing her parenting time. We disagree.
 {¶ 27} The shared parenting plan of August 4, 2003, did not set forth specific parenting times:
 {¶ 28} "Parties agree that the Father shall be considered the primary residential parent of the minor children.
 {¶ 29} "Mother shall receive liberal visitation with the minor children as agreed to by the parties.
 {¶ 30} "Each party shall have reasonable access to the children by phone at all times while the children are in the possession of the other party. Parties agree to use the other parent as first choice if childcare is necessary."
 {¶ 31} The new schedule was set pursuant to the Stark County Family Court Companionship Schedule, attached to the adopted findings as Exhibit A. In granting appellee residential parent status, the trial court stated the following via the adopted findings:
 {¶ 32} "In reviewing the factors, and weighing the factors, it is in the best interest of the children that Plaintiff, Father, be designated as the residential parent for school purposes. Defendant should be granted companionship at a minimum comparable with Exhibit `A' and may other times upon 48 hours notice that does not interfere with days of special meaning or school. All school breaks during the academic year should be divided by the parents equally."
 {¶ 33} Because of the open-ended times in the original shared parenting plan, we are unable to find that appellant's time has been diminished.
 {¶ 34} Assignment of Error III is denied.
 IV {¶ 35} Appellant claims the trial court erred in awarding appellee child support. Appellant claims a child support worksheet was not filed and a deviation for fifty/fifty parenting time was not considered. We disagree.
 {¶ 36} Attached to the adopted findings is a child support worksheet and computations. Appellant did not file a worksheet. Further, an argument as to any downward deviation was not advanced during the hearing.
 {¶ 37} Assignment of Error IV is denied.
 V {¶ 38} Appellant claims the trial court erred in considering appellee's proposed findings of fact and conclusions of law because they were untimely filed. We disagree.
 {¶ 39} Appellee's proposed findings of fact were filed on August 17, 2005, two days after appellant's. The trial court had ordered both to be filed by July 23, 2005 and granted appellant's extension of time stating "parties may file their findings of fact and conclusions of law on or before August 15, 2005." Although appellee's findings and conclusions were filed two days late, we find the trial court did not abuse its discretion in considering them.
 {¶ 40} Assignment of Error V is denied.
 {¶ 41} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed.